# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DENNIS CARL FISHER, JR.**, | ) |
| | ) Case No. 7:08CV00277 |
| Petitioner, | ) |
| | ) **OPINION** |
| v. | ) |
| | ) By: James P. Jones |
| **UNITED STATES OF AMERICA,** | ) Chief United States District Judge |
| | ) |
| Respondent. | ) |

*Walter F. Green, IV, Harrisonburg, Virginia, for Petitioner.*

Dennis Carl Fisher, Jr., a Virginia inmate represented by counsel, brings this action as a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C.A. § 2241 (West 2006 & Supp. 2007). Fisher claims that his mandatory minimum sentence for his convictions involving 50 grams or more of crack cocaine is unconstitutional, in light of recent amendments to the sentencing guidelines and decisions by the United States Supreme Court. Upon review of the record, I find that the Petition must be summarily dismissed.

I

A grand jury returned a three-count indictment on November 12, 2002, charging Fisher with two counts of distributing crack cocaine and one count of possession with intent to distribute that substance, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2007). Fisher pleaded not guilty and was tried and convicted by a jury in July 2003. On September 29, 2003, I sentenced him to 240 months imprisonment as to each of the three counts, pursuant to § 841(b)(1)(A) and § 851 (West 1999 & Supp. 2007), the terms to run concurrently.

Fisher appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. *United States v. Fisher*, 109 F. App'x 569 (4th Cir. 2004). On April 8, 2008, Fisher filed his present Petition. He acknowledges that the one-year limitations period under 28 U.S.C.A. § 2255 (West 2006) has expired. He asserts that a sentencing judge "cannot be forced to apply the mandatory minimum associated with 'crack.'" (Pet. ¶ 8.) Accordingly, Fisher contends, his current sentence is greater than necessary to serve the objectives of sentencing in his case, in violation of the principles set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). He argues that

> [t]he "retroactivity" of the Sentencing Commission's "amendments" [to the crack cocaine sentencing guidelines] will enable a "federal

sentencing Judge" to make a final determination of whether lowering the offender's sentence would impose a danger to public safety.

(Pet. ¶ 11.)

As relief, Fisher asks the court to determine "whether it was restricted, at the time of the Petitioner's sentencing, to impose the mandatory sentence for five grams or more of 'crack' cocaine" and to lower his sentence to time served. (Pet. ¶ 14.)

II

If a federal inmate wishes to challenge the validity of his conviction or sentence, he must ordinarily proceed by filing a motion to vacate, set aside or correct sentence, pursuant to § 2255, in the court where he was convicted. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In rare circumstances when § 2255 is "inadequate or ineffective to test the legality of . . . detention," a federal inmate may instead challenge the fact of his confinement by seeking a writ of habeas corpus under § 2241. *See* § 2255(e) (often referred to as "the savings clause" of § 2255); *Jones*, 226 F.3d at 333. Section 2241 authorizes the Supreme Court, its justices, the district courts and any circuit judge, generally, to grant writs of habeas corpus "within their respective jurisdictions" upon a finding that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has

interpreted this language as requiring that a § 2241 habeas petition challenging an inmate's physical custody should name as respondent the warden of the prison facility where the inmate is confined and be filed in the district court in whose territory that prison facility is located. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Jones*, 226 F.3d at 332.

As stated, Fisher was convicted and sentenced in this court.[1] The inmate locator service of the United States Bureau of Prisons indicates, however, that Fisher is currently confined at the Federal Correctional Institution at Petersburg, Virginia. This facility is located within the geographical jurisdiction of the United States District Court for the Eastern District of Virginia. Therefore, this court does not have personal jurisdiction over the warden of that facility, who is the proper respondent to Fisher's § 2241 petition. I could transfer the case to the proper district court. I do not find that the interests of justice would be served through such a transfer, however, given the lack of any substance to Fisher's arguments.

On November 1, 2007, the United States Sentencing Commission amended the United States Sentencing Guidelines ("U.S.S.G.") to reduce by two levels the guidelines in U.S.S.G. § 2D1.1 for cocaine base (also known as "crack cocaine").

---

[1] Because a § 2255 motion from Fisher raising his current claims would likely be barred as untimely filed, pursuant to § 2255(f), I will not construe the present petition as a § 2255 motion.

- 4 -

Subsequently, the Sentencing Commission amended U.S.S.G. § 1B1.10 to make the crack cocaine amendment retroactive, effective March 3, 2008. Fisher admits, and this court's records reflect, that he received a statutory mandatory minimum sentence of 240 months for his offenses. Consequently, he is not eligible for relief under the retroactive amendment. *See* U.S.S.G. § 1B1.10, cmt. n.1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

Fisher also seeks modification of his sentence through application of *United States v. Booker*, 543 U.S. 220 (2005), *Gall v. United States*, 128 S. Ct. 586 (2007) and *Kimbrough v. United States*, 128 S. Ct. 558 (2007). Those cases addressed only the extent to which the sentencing guidelines are binding and have no application where Congress has mandated by statute, and the court has imposed, a mandatory minimum sentence. *See United States v. Robinson*, 404 F.3d 850, 862 (4th Cir. 2005) ("*Booker* did nothing to alter the rule that judges cannot depart below a statutorily

provided minimum sentence."). Thus, the cases that Fisher cites fail to provide any grounds to have his sentence revisited by any court.

III

In conclusion, I find that Fisher's § 2241 Petition should be dismissed because this court does not have personal jurisdiction over the proper respondent to the petition and because the interests of justice would not be served by transferring the case to a district court with personal jurisdiction over the respondent. Accordingly, the Petition will be dismissed

A separate Final Order will be entered herewith.

DATED: April 21, 2008

/s/ JAMES P. JONES
Chief United States District Judge